| | |
|---|---|
| DIANA SMITH<br>9652 Baron Place<br>Rosedale, MD 21237,<br><br>*Plaintiff,*<br><br>v.<br><br>CAESAR'S LICENSE COMPANY, L.L.C.<br>t/a/Horseshoe Baltimore Mgmt. Co.<br>1525 Russell Street<br>Baltimore, MD 21230,<br><br>*Defendant.* | * IN THE<br><br>* CIRCUIT COURT<br><br>* OF<br><br>* MARYLAND<br><br>* FOR<br><br>* BALTIMORE CITY<br><br>* Case No.: _____<br><br>* |



## COMPLAINT AND DEMAND FOR JURY TRIAL

Diana Smith, Plaintiff, by John B. Stolarz, her attorney, sues Caesar's License Company, L.L.C., trading as the Horseshoe Baltimore Management Company, and says:

1. The Plaintiff began working at the Horshoe Baltimore Casino in Baltimore on July 18, 2014. Horseshoe Baltimore Casino, is operated by Caesars License Company, LLC. Horseshoe Baltimore Management issued the payroll checks for the work which Plaintiff performed at the Casino.

2. On, or about, May 12, 2017, Plaintiff informed her Managers Kristin Carter and Manager Henry Olaya that she was pregnant and was given a disapproving look after she did so.

3. On May 18, 2017 Plaintiff received a phone call from her son's daycare provider that her son, Aiden Comegys, who was almost four years old at the time, was breathing heavily.

4. Because her minor son suffers from asthma, the Plaintiff telephoned her son's health care provider and was advised to bring the child in for examination on Friday, May 19, 2017.

5. Plaintiff requested to be off on to a physician for asthma treatment on May 19, and 20th and was marked out by her supervisor, Kristen Carter even though Plaintiff advised her supervisor, Katya Watters, and Kristen Carter, Plaintiff's Manger, of the reason she was taking off. Plaintiff requested to be off on Saturday, May 20, 2017 because, based on prior

experience, Plaintiff needed to provide treatment and monitor the child for 24 hours after the physician's visit.

6. Defendant, nevertheless, marked the Plaintiff as a "no call no show," meaning that she failed to seasonably notify her employer of her need for leave.

7. Plaintiff returned to work on May 24, 2017, her next scheduled work day and provided a doctor's note confirming her son's medical appointment. In a meeting later that day with her Manager, Kristen Carter, Jay Lattimer, a Director, and Henry Olaya, another Manager, Plaintiff was asked about the reason for her taking off on May 19 and May 20, and the Plaintiff advised them that she needed to take her son to the doctor because his asthma needed medical attention and she had no one else to take him for treatment. Plaintiff further advised them that she tried to find someone to take her place but was unable to do so.

8. Subsequently, Plaintiff was also falsely accused of sleeping in the break room when she should have been working.

9. Plaintiff was suspended on, or about May 24, 2017, and terminated on May 26, 2017.

## COUNT ONE
### Interference with FMLA Rights

10. The foregoing paragraphs are incorporated herein.

11. Leave may be taken under the the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (sometimes referred to as the "FMLA.") by an eligible employee in order to care for the employee's minor child with a serious health condition.

12. The Plaintiff was eligible for coverage by the FMLA on May 19, 2017 and May 20, 2017, because she had been employed by the Defendant for over twelve months prior to seeking FMLA leave for her son's serious health condition, and had been employed for at least 1,250 hours of service with the Defendant during the 12 month period preceding her request for FMLA leave.

13. The Plaintiff's minor child has asthma, a serious health condition which qualified for coverage by the FMLA because the minor child was incapacitated and undergoing a regimen of continuing treatment by his physician.

14. Terminating the Plaintiff because she exercised her rights under the FMLA constitutes interference with her right to take leave, without interference by the employer.

15. Defendant's unlawful actions, in terminating the Plaintiff, were willful and have resulted in a significant loss to the Plaintiff of wages, benefits, litigation and other expenses, and other such damages.

Wherefore, Plaintiff demands reinstatement, compensatory, and liquidated damages, against Defendant in the amount of Three Hundred Thousand Dollars ($ 300,000.00), punitive damages of One Million Dollars ($ 1,000,000.00), attorney fees, litigation expenses, and the costs of this action,

## COUNT TWO
### Retaliation for Exercising FMLA Rights.

16. The foregoing paragraphs are incorporated herein

17. Terminating the Plaintiff because she exercised, or attempted to exercise her rights under the Family Medical Leave Act, constitutes retaliation in violation of 29 U.S.C. § 2615(a).

18. As a result of the retaliation, the Plaintiff has been damaged, as aforesaid.

Wherefore, Plaintiff demands reinstatement, compensatory, and liquidated damages against Defendant in the amount of Three Hundred Thousand Dollars ($ 300,000.00), punitive damages of One Million Dollars ($ 1,000,000.00), attorney fees, litigation expenses, and the costs of this action.

John B. Stolarz
The Stolarz Law Firm
6509 York Road
Baltimore, MD 21212
(410) 532-7200
(410) 372-0529 (fax)
stolarz@verizon.net

Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Diana Smith, Plaintiff, by John B. Stolarz, her attorney, demands a jury trial in this action.

_____
John B. Stolarz
Attorney for Plaintiff

W:\5228\Pleadings\Ct.wpd